IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kamondai Richard Young,<br>Petitioner,<br>v.<br>Arizona, State of, et al.,<br>Respondents. | No. CV-14-00733-TUC-RCC (CRP)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Petitioner's Motion to Dismiss (Doc. 21). For the following reasons, the Magistrate Judge recommends that the District Court, after its independent review, deny Petitioner's Motion to Dismiss.

BACKGROUND

Petitioner, who is proceeding *pro se*, filed the instant §2254 habeas action while he was incarcerated at the Arizona State Prison in Florence, Arizona ("ADOC"). (*See* Docs. 1, 8). In November 2014, Respondents timely filed their answer (Doc. 13), and in December 2014, the Court granted Petitioner's request for extension of time until January 20, 2015 to file his Reply (Doc. 15). On January 20, 2015, Petitioner filed a Motion informing the Court that he had been transferred to the Yuma County Detention Center to face charges unrelated to his pending habeas petition and that ADOC did not forward his box of legal materials to the Yuma County Detention Center. (Doc. 16). Petitioner requested that the Court order ADOC to send his box of legal materials to him at the

Yuma County Detention Center. (*Id.*). On February 19, 2015, the Magistrate Judge held a telephonic status conference with Petitioner and counsel for Respondents to discuss Petitioner's request for his legal materials. (Doc. 18). At the telephonic conference, Petitioner stated that in the next week, the state court would be determining whether he would remain in Yuma or be returned to ADOC custody while pending trial. Also, during the conference, Petitioner clarified that he is proceeding pursuant to his Amended Petition. Because review of the record reflected that Respondents' Answer was directed to Petitioner's original Petition rather than the Amended Petition, the Court granted Respondents' request for leave to file an Amended Answer by March 11, 2015. (*Id.*).

By March 10, 2015, it was not yet determined whether Petitioner would remain in Yuma pending the criminal trial or whether Petitioner had obtained his legal materials.[1] Therefore, the Court *sua sponte* stayed the matter pending resolution of that issue. (Doc. 19). On March 17, 2015, the Yuma Court held that Petitioner would remain at the Yuma County Detention Center pending trial.[2] Thereafter, this Court set a telephonic status conference for April 28, 2015 to discuss whether Petitioner had received his legal papers at the Yuma Detention Center.[3] (Doc. 20).

On April 14, 2015, Petitioner filed the instant Motion to Dismiss (Doc. 21) arguing that Respondents failed to file their Amended Answer by March 11, 2015.[4]

---

[1] During the February 19, 2015 telephonic conference, Petitioner gave the Court the name of counsel, Terri Capozzi, who was representing him in the Yuma matter. Thereafter, the Court's staff contacted Ms. Capozzi, confirmed the state court would be deciding whether Petitioner would remain at the Yuma facility, and asked her to keep the Court apprised as to the ruling on that issue.

[2] A copy of the Yuma court's March 17, 2015 Order is attached as Exhibit A to this Report and Recommendation.

[3] At the telephonic status conference on April 28, 2015, the Court confirmed that Petitioner had access to his legal materials, lifted the stay, granted Respondents until May 11, 2015 to file the Amended Answer, and granted Petitioner until June 30, 2015 to file a Reply. (Doc. 26). On April 30, 2015, Respondents filed their Answer to the Amended Petition (Doc. 25).

[4] The Magistrate Judge initially denied Petitioner's Motion to Dismiss because the stay resulted in suspending the deadline for Respondents to file their Amended Answer and, thus, Respondents did not fail to file their Amended Answer on time. (Doc. 23). Thereafter, Petitioner filed a Motion to Reconsider Motion to Dismiss (Doc. 28)

Petitioner requests that the Court dismiss the instant action and "exonerate [him] of all charges." (Doc. 21).

**DISCUSSION**

In January 2015, Petitioner, who was then at the Yuma facility, asserted that he required his legal materials, which were at ADOC, in order to prosecute this action. (Doc. 16). The state court's decision as to where Petitioner would be housed directly impacted this Court's determination whether to direct ADOC to transfer Petitioner's legal materials to him at the Yuma facility. If Petitioner was going to be promptly returned to ADOC custody, then an order directing ADOC to transfer the materials to Yuma would result in the materials arriving in Yuma while Petitioner was back at ADOC. (*Id.*). The filing of the amended answer would also trigger the time for Petitioner's Reply, which he stated he was unable to file without his legal materials. (*See* Doc. 16). Now, Petitioner essentially seeks entry of default judgment because Respondents did not file their amended answer by March 11, 2015, despite the stay entered before that deadline expired.

At the outset, it is well-settled that "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir. 1990) (citations omitted). Moreover, Respondents did not fail to file a timely response. On March 10, 2015, the Court entered a stay pending the state court's decision whether Petitioner would remain at the Yuma facility. Consequently, in light of the stay, Respondents did not miss the deadline to file their Amended Answer and no sanction is in order.

---

essentially contesting the entry of the stay. Because the Magistrate Judge has determined that Petitioner's Motion to Dismiss should have been resolved by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Magistrate Judge granted Petitioner's Motion to Reconsider Motion to Dismiss to the extent that the order denying Petitioner's Motion to Dismiss is vacated and the Motion to Dismiss (Doc. 21) is addressed by the instant Report and Recommendation.

RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, deny Petitioner's Motion to Dismiss (Doc. 21).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within FOURTEEN (14) DAYS after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within FOURTEEN (14) DAYS after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV 14-733-TUC-RCC.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to de novo review of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) 540 U.S. 900 (2003).

Dated this 10th day of June, 2015.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A



FILED
2015 MAR 17 PM 3:09
CLERK
YUMA

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF YUMA

| | |
|---|---|
| STATE OF ARIZONA, <br><br> Plaintiff, <br><br> vs. <br><br> KAMONDAI YOUNG, <br><br> Defendant. | Case No: S1400CR201401251 <br> *Division IV* <br><br> **ORDER** <br> *Vacating Order to Transport* |

On March 16, 2015 this case was re-assigned to the Honorable David M. Haws, Division IV. On the Court's own Motion,

**IT IS ORDERED** vacating the Court's previous Order to Transport filed March 13, 2015. The defendant shall remain in custody at the Yuma County Adult Detention Facility until further order from the Court.

**IT IS FURTHER ORDERED** affirming the Trial Setting hearing currently set for March 25, 2015 at 8:30 A.M. before the Honorable David M. Haws, Division IV, Courtroom 3024.

Dated this 17th day of March, 2015.



**DAVID M. HAWS**
David M. Haws
Associate Presiding Judge

- 1 -

```
 1  Copy of the foregoing placed
    In the box(es) of/mailed to this
 2  17th day of March, 2015:

 3
    Yuma County Attorney's Office
 4  Terri Capozzi, Attorney for defendant
    Transport, YCADF
 5

 6
    LYNN FAZZ, CLERK OF THE SUPERIOR COURT
 7
    By:         TAMMY SHERMAN
 8
```

- 2