# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kamondai Richard Young,<br><br>          Petitioner,<br><br>v.<br><br>Arizona, State of, et al.<br><br>          Respondent. | No. CV-14-00733-TUC-RCC (CRP)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Pyle's Report and Recommendation ("R & R") (**Doc. 36**) regarding Petitioner's Motion to Dismiss (**Doc. 21**) and Petitioner's Objections thereto (**Doc. 41**); Petitioner's Motion for Reconsideration of [Petitioner's] Motion to Dismiss (**Doc. 40**); Petitioner's Motion for a Stay of Proceedings (**Doc. 39**); and Petitioner's Request to Attach [a] Letter [to] Motion to Dismiss Recommendation re: 41, Objection to Report and Recommendation (**Doc.42**).

This Court grants Petitioner's Motion to Attach [a] Letter …[to Petitioner's] Objections [to the R&R] (Doc. 42), but concludes that none of the supplemental objections in Petitioner's letter (Doc. 40) alter the Court's position regarding Magistrate Judge Pyle's R&R and or its decision regarding Petitioner's Motion to Dismiss. For the following reasons, and over all of Petitioner's objections (Docs 41 & 40), this Court accepts and adopts Magistrate Judge Pyle's R & R (Doc. 36) as the findings of fact and conclusions of law of this Court.  Petitioner's Motion to Dismiss (Doc. 21) is denied. Moreover, Petitioner's Motion for a Stay of Proceedings (Doc. 39) is denied as moot.

**I. Background**

    **A. Procedural History**

    The following facts are supported by the record:

    On January 21, 2014 Petitioner Kamondai Young filed this action pursuant to 28 U.S.C. §2254. Doc. 1. Petitioner is a state prisoner proceeding pro se and in forma pauperis.  In his First Amended Petition Petitioner raises three grounds for relief: (1) that his Sixth Amendment confrontation rights were violated when the trial court permitted Deputy Ortiz to testify about an out-of-court conversation involving Elizabeth Freiya; (2) that the trial court improperly instructed and coerced the jury to continue deliberations after the jury foreperson informed the Court that the jury was unable to reach a verdict on one of the Counts Petitioner faced in his underlying Cochise County Superior Court Case; and (3) that evidence discovered after trial would have altered the verdict and/or sentence he received in the underlying criminal matter.  Doc. 8.

    On October 14, 2014, this Court ordered Charles Ryan and the Arizona Attorney General to respond to Petitioner's First Amended Petition within 40 days of receipt of service.  Doc 9.  The matter was referred to Magistrate Judge Pyle for further proceedings pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure.  *Id*.  Service on the Respondents was executed on October 20, 2014 and October 21, 2014.  Docs. 10, 11.

    Respondents filed a timely, limited answer on November 17, 2014 requesting Petitioner's claims be denied as untimely and further requesting dismissal with prejudice. Doc. 13.  Respondents also sought leave to file a supplemental answer addressing the merits of the Petition in the event the Court reject[ed] their limited affirmative defenses. *Id*.  Petitioner requested an extension of time to file a reply on December 18, 2014 (prior to the expiration of his time to reply) citing obstacles he was encountering while attempting to research and draft his reply.  Judge Pyle, finding good cause for Petitioner's request, extended his time to file a reply until January 20, 2015.  Doc. 15.  Petitioner did file a pleading on the January 20, 2015 deadline, however it was not a reply. (Doc. 16).

    According to Petitioner's pleading of January 20, 2015, he had been transferred to

1  Yuma County Detention Center on December 31, 2014 in connection with new charges
2  in an unrelated matter. Doc. 16. Petitioner asserted that, as a result of the transfer, he did
3  not receive a copy of the Court's Order dictating he should file his reply on or before
4  January 20, 2015 (Doc. 15) until he received his forwarded mail on January 15, 2015. *Id*.
5  Further, Petitioner complained that he had already started his reply prior to his transfer
6  but that he had been prohibited from bringing said reply and all attendant legal research
7  when he was moved to the Yuma facility. *Id.* Petitioner explicitly requested the Court
8  order his "legal work box" and its contents be sent to him at the Yuma County Detention
9  Center. *Id*.
10  Judge Pyle set the matter for a telephonic status conference so that the parties
11  could discuss the circumstances described in Petitioner's January 20, 2015 motion. Doc.
12  17. The hearing was not recorded and the Court's reporter was not present, however
13  Petitioner and Counsel for the Respondents appeared telephonically. Doc. 18. The
14  Minute Entry from the February 19, 2015 hearing reflects that Magistrate Judge Pyle
15  granted Petitioner's request that the Court to order the Department of Corrections to send
16  him his legal work box at the Yuma facility. *Id*. Magistrate Judge Pyle also confirmed
17  that the Petitioner was proceeding pursuant to his Amended Petition (Doc. 8). *Id*. The
18  Court ordered that Respondents would have until March 11, 2015 to file an Amended
19  Answer addressing Petitioner's Amended Petition and that Petitioner would have until
20  March 31, 2015 to file a Reply, should he chose to do so (though, the order noted the
21  Court would adjust this deadline based upon the status of Petitioner's access to his
22  forthcoming legal materials). *Id*.
23  On March 10, 2015, before the expiration of the deadline for Respondent's to file
24  their Amended Answer, Magistrate Judge Pyle issued an order staying this matter, *sua*
25  *sponte*, until such time as it could be determined whether Petitioner would remain at the
26  Yuma facility to face new state court charges (or whether Petitioner would be returned to
27  ADOC custody in Florence). Doc. 19. The record does not reflect that a copy of this
28  Order was mailed to the Petitioner.

On April 13, 2015 Magistrate Judge Pyle issued another order, *sua sponte*, setting the matter for a telephonic status conference on April 28, 2015.  Doc. 20.  A copy of this Order was mailed to Petitioner.  The next day, however, the Clerk of the Court docketed a Motion to Dismiss (Doc. 21) that had signed by Petitioner on April 7, 2015.

Magistrate Judge Pyle denied Petitioner's Motion to Dismiss (Doc. 23), but ultimately vacated that order in favor of submitting a Report and Recommendation (the instant R&R) to this Court.  Doc. 35.  Respondent filed timely objections to the R&R (Doc. 41), as well as a request to supplement his Objections to the R&R with a letter to the Court (Doc. 42).  No letter to the Court was attached to Petitioner's Request to Supplement (Doc. 42), however, Petitioner did identify the referenced letter by name. See Doc. 42 at 1.  Said letter (Doc. 40), which was apparently filed in response to the June 5, 2015 telephonic hearing and *before* Petitioner filed his request to supplement his objection(s) to the R&R, was docketed by the Clerk of the Court as a Motion.  However, in light of Petitioner's express request that this Court admit and construe this letter as a supplemental objection to the R&R (Doc. 42 at 1), this Court will construe it as such.

Finally, Petitioner filed a Motion seeking a stay in this matter until such time as this Court could issue a ruling on Petitioner's Motion to Dismiss.  Doc. 39.

### B. Petitioner's Motion to Dismiss

On March 14, 2015 Petitioner filed a Motion entitled "Motion to Dismiss." Doc. 21. In actuality, the relief sought by Petitioner by and through this pleading is entry of default judgement in his favor.  See, *Id*.  Petitioner argues that such relief is appropriate because Respondents did not file their amended answer on or before March 11, 2015, the deadline set by the Court during the February 19, 2015 telephonic status conference.  *Id*. In support of this argument, Petitioner cites the general rule that deadlines [set by the Court] are to be strictly adhered to and a section of the Court's Order of June 10, 2014 warning Petitioner that failure to comply with a Court order may result in dismissal of his action.  *Id*.  (citing Doc. 5).

### C. Magistrate Judge Pyle's R&R

Magistrate Judge Pyle noted the following well-settled, tenant: "[t]he failure to respond to claims raised in a petition for habeus corpus does not entitle the petitioner to a default judgement." Doc. 36 (citing *Gordan v. Duran*, 895 F.2d 610, 612 (9th Cir.1990)(internal citations omitted)). He also observed that the Respondents did not, in fact, fail to comply with a Court ordered deadline because the Court stayed this matter prior to the expiration of Respondent's deadline to file their answer to the Amended Petition. *Id*. at 3.

## II. ANALYSIS

### A. Standard of Review

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

### B. Petitioner's Objections

(i) Objections (Doc. 41)

Petitioner raises several objections to the R&R, though none address Magistrate Judge Pyle's citation to the holding in *Gordan*. Nor does Petitioner point to evidence undermining the Magistrate Judge Pyle's observation that Respondent's deadline was suspended as a result of the March 10, 2015 stay order. Instead, Petitioner uses these objections to contest the appropriateness of Magistrate Judge Pyle's order temporarily staying proceedings in this case. Petitioner cites no support for his contention that entry of default judgment in his favor (and against Respondent) is an appropriate remedy for an allegedly improper stay order.

(ii) Supplemental Objections (Docs. 42, 40)

By and through Petitioner's Request to Attach Letter of Motion to Dismiss

Recommendation (Doc. 42), Petitioner seeks to supplement his objections to the R&R with a letter addressed to this Court.  Though no copy of the referenced letter was attached to Petitioner's request to supplement, only one letter was received by the Court that meets Petitioner's description.  Said letter (Doc. 40), dated June 15, 2015, recites Petitioner's interpretation of the procedural events that occurred in this matter. Petitioner's letter also makes several of the same objections to the R&R seen in Doc. 41. That is, Petitioner argues that Magistrate Judge Pyle's sua sponte stay order amounted to "prejudice in fact," because it altered the deadline by which Respondents were to file their answer to his Amended Petition, thereby frustrating Petitioner's ability to capitalize on what would have been, hypothetically, an untimely pleading. *Id.* at 8.  Once again, Petitioner cites no support for his ultimate contention that entry of default judgment in his favor (and against Respondent) is an appropriate remedy for an allegedly improper stay order.

**C. Analysis of Petitioner's Objections**

Respondent has appeared in this case and has actively defended against Petitioner's habeas petition. See, cf. Rule 55(a) of the Federal Rules of Civil Procedure (default judgment is appropriate when a party "has failed to plea or otherwise defend."). Additionally, and contrary to Petitioner's assertion, Respondent's Answer was timely as the deadline for filing was suspended by Magistrate Judge Pyle's March 10, 2015 stay order.  Moreover, and more importantly, even if Respondent had completely failed to respond in any meaningful fashion, the Ninth Circuit has determined that "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon*, 895 F.2d at 612.

Neither Petitioner's complaints concerning any clerical error, nor Petitioner's arguments regarding the appropriateness of the Magistrate Judge Pyle's March 10, 2015 stay order, are relevant to the relief sought in his Motion to Dismiss.

After a thorough and de novo review of the record and issues raised by and through Petitioner's Motion to Dismiss (and all attendant pleadings), the Court agrees

1  with Magistrate Judge Pyle's recommendation that Petitioner's Motion to Dismiss
2  (Doc.21) should be denied.
3      Accordingly,
4  **IT IS ORDERED**
5  (1)  Petitioner's Motion to Attach [a] Letter … [to Petitioner's] Objections [to the
6  R&R] (Doc. 42) is granted, however;
7  (2)  While Court has, pursuant to Petitioner's request (Doc. 42), construed the
8  arguments in Petitioner's Motion for Reconsideration (Doc. 40) as a recitation of
9  supplemental objections to Magistrate Judge Pyle's R&R, for the reasons laid forth in
10 Section C of this Order, and over all Petitioners objections (Docs. 40 and 41)…
11 (3)  This Court accepts and adopts Magistrate Judge Pyle's R&R (Doc. 36) as the
12 findings of fact and conclusions of law of this Court.
13 (4)  Petitioner's Motion to Dismiss (Doc. 21) is denied.
14 (5)  Petitioner's Motion for a Stay of Proceedings (Doc. 39) is denied as moot.
15 (6)  This matter is referred back to Magistrate Judge Charles R. Pyle pursuant to Rules
16 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report
17 and recommendation.  The Clerk of the Court shall docket this matter Case No. 4:14-cv-
18 00733-RCC (CRP).
19      Dated this 10th day of March, 2016.

Raner C. Collins
Chief United States District Judge